UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6311-Cr-Huck/Brown

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs

**CLARENCE LARK, et al,**

    **Defendants.**
_____/



## MOTION TO STRIKE SURPLUSAGE
## AND MEMORANDUM OF LAW AND FACT
## IN SUPPORT THEREOF

The Defendant, Clarence Lark, by and through his undersigned counsel moves this Honorable Court to strike surplusage from the indictment pursuant to Rule 7 of the Federal Rules of Criminal Procedure. The specific requests to strike are the following:

1. All of paragraph 8 of the General Allegations and substituting therefor a simple rewording which states that the defendant Lark was removed as President and as a member of the Local Teamsters Union in 1996.

2. In paragraph 9 of the General Allegations, the defendant would request that the word "exclusion" be substituted for "banishment".

3. In paragraph 10 of the General Allegations, the defendant would move to strike the term "silent partner".

4. Paragraph 7 of Count 1 of the Indictment should be stricken in its entirety.

-1-

5. Paragraph 9 of Count 1, the words "would abuse the responsibilities as officers of Teamsters Local 390" should be stricken since the crime of facilitating the smuggling of drugs only requires facilitating the smuggling of drugs and not any responsibility as officers of the Teamsters.

6. Paragraph 11 should be stricken in its entirety.

7. Paragraph 12 should be stricken in its entirety.

8. Paragraph 13 the terms "even after the IRB removed him as Teamster Local President" should be stricken.

9. Paragraph 14 should be stricken in its entirety.

10. Paragraph 15 the term "corrupt" preceding "relationship" should be stricken.

11. In Count 3 of the Indictment, paragraph #6, the statement that "Ricardo McHorne previously convicted of a felony drug offense" must be stricken as prejudicial to all parties, as well as to McHorne.

12. Counsel has discussed the contents of this motion with Assistant United States Attorney Michael Dittoe who objects to all parts of the Motion to Strike with the exception of that portion dealing with the prior conviction of Mr. McHorne. He is willing to have that portion redacted.

## MEMORANDUM OF LAW AND FACT

### A. Legal Background

Rule 7(d) of the Federal Rules of Criminal Procedure provides in pertinent part that: "The Court on motion of the defendant may strike surplusage from the indictment. . .". Rule 7(c) in pertinent part provides that "the indictment or information shall be a plain,

-2-

concise, and definite written statement of the **essential facts** constituting the offense charge." (emphasis supplied) Since "[p]rosecutors have been known to insert unnecessary allegations for 'color' or 'background' hoping that these will stimulate the interest of the jurors," 1 C. Wright, Federal Practice and Procedure, §127 at 425 (1982), it is well-settled that a district court, on the motion of a defendant made pursuant to Rule 7(d), Fed.R.Crim.P., may strike surplusage from an indictment. The rule was designed to "protect [ ] the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Advisory Committee Notes to Rule 7(d), Fed.R.Crim.P.

The decision to grant a motion to strike surplusage is addressed to the sound discretion of the district court. United States v. Courtney, 257 F.2d 944 (2d Cir. 1958). In keeping with the purpose behind Rule 7(d), language characterized as surplusage will be stricken from the indictment if "the words sought to be stricken as surplusage are immaterial, irrelevant or apt to convey prejudicial or inadmissible material to the jury." United States v. Ostrer, 481 F.Supp. 407, 419 (S.D.N.Y. 1979) (emphasis added) (citing United States v. Chovanec, 467 F.Supp. 41, 45 (S.D.N.Y. 1979)[1] Further, language

---

[1] See also United States v. Scarpa, 913 F.2d 993, 10-13 (2d Cir. 1990); United States v. DeFabritus, 605 F.Supp. 1538, 1547 (S.D.N.Y. 1985) (striking language from indictment "serv[ing] no useful purpose and allow[ing] the jury to draw the inference that the defendant is accused of crimes not charged in the indictment:); United States v. Wilson, 565 F.Supp. 1416, 1439 (S.D.N.Y. 1983) (striking indictment language exhibiting "the potentiality of an overshadowing prejudice"); United States v. Archer, 335 F.Supp. 981, 989 (S.D.N.Y. 1972); see United States v. Brighton Building and Maintenance Co., 435 F.Supp. 222, 2313 (N.D. Ill. 1977) (government "may not use the indictment as a vehicle to persuade the jury that the crime alleged has great and hidden implications") (footnote omitted); United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir. 1986)("The inclusion of surplusage must not be allowed to prejudice a defendant in the context of his case"). See also United States v. Bateman, 805 F.Supp. 1045, 1049-50 (D.N.H. 1992) ("As a matter of law, even over the objection of the parties, the court has broad discretion to strike surplusage in an indictment.") (citing Fed.R.Crim.P. 7(d)).

in the indictment that does not relate to an essential element set out in the statute is mere "surplusage." See United States v. Manginen, 565 F.Supp. 1024, 1025 (E.D.Va. 1983)[2] ("[Surplusage is] any fact or circumstance set forth in the indictment which is not a necessary ingredient of the offense.") (citation omitted).

In addition, any language in the indictment that might result in jury confusion is surplusage. See United States v. Mandel, 415 F.Supp. 997, 1009 (D.Md. 1976). Where surplusage might result in prejudice or confusion, striking of that portion of the indictment is the appropriate remedy. Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962).[3]

### B. The Surplusage in the Instant Indictment

The defendant submits that the Indictment contains the unfairly prejudicial surplusage as set forth in the motion above and which will be dealt with in the Memo individually[4]

1. *Banishment from the Union*

Paragraph 8 of the General Allegations goes into detail about the Independent

---

[2]The Eleventh Circuit suggests in ruling that the District Court did not abuse its discretion in failing to strike surplusage, that the standard for striking surplusage is an exacting standard. See United States v. Huppert, 917 F.2d 507 at 511 (11th Cir. 1990). We suggest that the instant motion meets that standard and is clearly within this Court's discretion.

[3]See also United States v. Poore, 594 F.2d 39, 41-43 (4th Cir. 1979) (finding that trial court abused its discretion in refusing to strike language descriptive of prior conviction from the indictment); United States v. Lavin, 504 F.Supp. 1356, 1362-63 (N.D. Ill. 1981) (striking potentially inflammatory paragraph overstating scope and result of alleged fraud); United States v. Hubbard, 474 F.Supp. 64, 82-83 (D.D.C. 1979) (striking "irrelevant descriptive recitals" and "inflammatory language" from indictment); United States v. Mandel, 415 F.Supp. at 1009 (striking references to Code of Ethics as surplusage).

[4]It is the common custom and practice in the Southern District of Florida to submit the indictment to the jury. The Court will undoubtedly instruct the jury that the indictment itself is not evidence. However, notwithstanding this instruction, it is essential in this case that the prejudicial surplusage be stricken. The failure to strike the surplusage gives the government the opportunity to make a written closing argument in addition to their oral closing argument at the close of the case.

LAW OFFICES OF BIERMAN, SHOHAT, LOEWY & KLEIN, P.A. PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2944

Review Board and Consent Orders entered in the United States District Court for the Southern District of New York. This action is neither required nor relevant.

The defendant Lark was without counsel at these proceedings, these proceedings are civil in nature, and this paragraph discussing permanent bar and "banishment" suggest wrongdoing which is of questionable relevance and great prejudice. If an attempt to introduce this evidence at the trial were to be made without reference in the indictment, it would most certainly be subject to an inquiry pursuant to Federal Rule of Evidence 403 to determine whether its relevance was outweighed by the prejudice. Clearly this is of questionable relevance and tremendous prejudice.

By placing this in the indictment, the government will no doubt argue that they are entitled to prove it since "it's in the indictment". It neither belongs in the indictment, nor at trial. However, this is a matter which the Court should be free to rule upon without the jury having been prejudiced in the reading of the indictment in the beginning of the case, if that is done, or the submission of the indictment to the jury at the conclusion of the case.

While some mention of the fact that Mr. Lark was no longer president of the Union and not a member of the Union after September 16, 1996 may be relevant, it certainly can be proved without the prejudice suggested in paragraph 8, without the imprintur of a United States District Court and without inflammatory terms such as "banishment". The government simply can prove that Mr. Lark was no longer president of the Union, nor permitted by the Union to be a member or deal in its affairs.

Permitting the introduction of a hearing conducted pursuant to the United States District Court which makes a finding of wrongdoing sufficient to ban Mr. Lark from the

Union is the equivalent of entering a past conviction into evidence. It must be noted that the hearings in this case were conducted without counsel (in fact counsel was not permitted), and the conclusions were those reached by an Independent Review Board. Just as an uncounseled conviction cannot be entered into court for purposes of impeachment or other purposes, such as proving a conviction for the purpose of carrying a firearm by a convicted felon, such an introduction of a hearing conducted without the benefit of an attorney can equally not be permitted into evidence and certainly not into the language of the Indictment. See e.g. Loper v. Beto, 92 S.Ct. 1014, 405 U.S. 364 (1972) in which the Supreme Court made it clear that in convictions that preceded Gideon, where the defendant was without counsel, said convictions were infirm and not admissible in Court. This same rule must be applied to avoid the appearance of propriety in a case where there was no attorney permitted.

In the same area, but not quite egregious as paragraph 9 which uses the term "banishment" it could quite simply state in one paragraph that after Mr. Lark's removal as Union president and member of the Union, the government alleges that he continued to participate in the management of Teamster Local 390 and exercise influence over the leadership. In all events, the term "banishment" should be stricken.

In United States v. Hubbard, 474 F.Supp. 64 (D.D.C. 1979), the Court points out that reference to certain mattes which are not charged in the indictment as substantive offenses, may be prejudicial to the defendant and struck reference to a confrontation in that case between the FBI and the Church of Scientology, holding "Since this occurrence is not [like exclusion from the union and removal of office] charged in the indictment as a

substantive offense, the court finds that it may be prejudicial to the defendants. Accordingly, it shall be stricken from the indictment." 474 F.Supp. 64 at 83.

Similarly to the reference in this case to a judicial proceeding removing and excluding Lark from the Union, the Court in <u>Hubbard</u> excluded the reference to a guilty plea and sentence of a defendant for wrongful use of a government seal. That Court correctly found that such references are prejudicial and irrelevant.

### 2. *References as "Silent Partner"*

Paragraph 10 of the General Allegations refers to Lark as a "silent partner" in Star's Choice. The term "silent partner" carries with it negative implications and is unnecessary for the allegation, since it can be said that Lark exercised control over Star's Choice Inc. although he was neither an employee, an officer or a stockholder.

### 3. *Paragraphs 7 and 9 of Count 1*

The matters contained in paragraphs 7 and 9 of Count 1 suggest matters which are not crimes, but are inflammatory in their very nature. The language in paragraph 7 suggesting that Lark and Crenshaw violated their duties of honesty and trust that they owed to the rank and file members is unnecessary surplusage, particularly since the only reference is the fact that they sought to receive illegal income. The language in paragraph 9 also is surplusage, since it suggests that they abuse of their responsibilities as officers of the Teamsters Local by facilitating smuggling from narcotics. The crime is the facilitating the smuggling of large quantities of cocaine and marijuana, not abusing union authority to do so. Similarly, the use of the term "abuse positions of trust, maintaining influence over the operations of the Union and rigging various elections of the Union" and

LAW OFFICES OF BIERMAN, SHOHAT, LOEWY & KLEIN, P.A. PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2944

then suggesting a "corrupt" relationship with managers are all inflammatory terms which do not add to the indictment, but only serve to inflame and/or confuse the jury by reference to inadmissible events. This is the very type of inserted language that is used only for "color". See 1 C. Wright, Federal Practice & Procedures supra. As the Court found in Hubbard, supra, certain words are inflammatory, such as "rigging", "infiltrate", "corrupt", etc. and should be stricken.[5]

## C. CONCLUSION

This motion is a narrowly-focused request to have specific portions of the Indictment stricken, not a broadside on the government's case. For these reasons, the defendant Clarence Lark respectfully requests that this Court exercise its discretion and enter an Order striking from the Indictment the entirety of paragraph 8 of the General Allegations; the term "banishment" in paragraph 9 of the General Allegations; the term "silent partner" in paragraph 10 of the General Allegations; all of paragraph 7 of Count 1; the language "would abuse their responsibilities as officers of Teamsters Local 390" from paragraph 9 of the Count 1; all of paragraph 11 of Count 1; all of paragraph 12 of Count 1; the language in paragraph 13 "even after the IRB removed him as a Teamster Local 390 President"; the language in paragraph 14 stating "rig various union elections"; the term "corrupt" in paragraph 15. The Defendant requests such other and further relief that the Court may deem just and proper under the circumstances.

---

[5] The arguments addressed to the IRB hearing mentioned above as to paragraph 8 of the General Allegations are equally relevant to paragraph 13 of Count 1.

LAW OFFICES OF BIERMAN, SHOHAT, LOEWY & KLEIN, P.A. PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2944

Respectfully submitted,

**BIERMAN, SHOHAT,
LOEWY & KLEIN P.A.**
Attorneys for Defendant
800 Brickell Avenue PH-2
Miami, FL 33131-2944
Phone: 305-358-7000
Facsimile: 305-358-4010

By: _____
DONALD I. BIERMAN, ESQ.
Florida Bar: 093244

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered this 12th day of February, 2001, to all parties listed on the attached Service List.

_____
DONALD I. BIERMAN, ESQ.

SERVICE LIST
UNITED STATES v CLARENCE LARK, et al
CASE NO. 00-6311-Cr-Huck

Michael J. Dittoe, Esq.
Assistant U.S. Attorney
500 East Broward Blvd.
7th Floor
Fort Lauderdale, FL 33394

954-356-7392, 7254 ext. 3586

Paul D. Lazarus, Esquire
800 Brickell Avenue
Penthouse Two
Miami, FL 33131

305-539-0606
Attorney for Crenshaw

Guy Speigelman, Esquire
Suite 400
28 West Flagler Street
Miami, FL 33131

305-373-6634
Attorney for McHorne

Reemberto Diaz, Esquire
1435 South Miami Avenue
Miami, FL 33130

305-446-0001
Attorney for Hall

James D. Henderson, Esquire
12121 Wilshire Blvd., Suite 1130
Los Angeles, CA 90025

310-478-3131
Attorney for Gallo

William J. Cone, Jr., Esquire
514 S.E. 7th Street
Fort Lauderdale, FL 33301

954-764-0570
Attorney for Newton

Donald I. Bierman, Esq
Bierman, Shohat, Loewy & Klein P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131

305-358-7000
Attorney for Lark

Steve Kassner, Esquire
815 Ponce de Leon Blvd.
Suite 303
Coral Gables, FL 33134

305-461-2744
Attorney for Lampkin

Bruce H. Lehr, Esquire
Suite 810
1401 Brickell Avenue
Miami, FL 33131

305-377-1777
Attorney for Seymour

Larry Hanfield, Esquire
4770 Biscayne Blvd.
Suite 1200
Miami, FL 33137

305-576-1011
Attorney for Hall

Martin R. Raskin, Esquire
Grove Forest Plaza, Suite 206
2937 S.W. 27 Avenue
Miami, FL 33133

305-444-3400
Attorney for Gallo