# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6311-CR-HUCK
MAGISTRATE JUDGE BROWN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CLARENCE LARK, JR., et al.

      Defendant.

_____/



## UNITED STATES' AGREED MOTION
## FOR ENTRY OF PROTECTIVE ORDER

The United States requests the entry of a Protective Order pursuant to 21 U.S.C. §853 to restrain the alienation of certain assets of the above-referenced criminal defendant, and otherwise provide for the preservation of the property identified in the forfeiture count of the Indictment. The requested protective order seeks only to restrain Clarence Lark, Jr., Joyce Lark (his wife) and Prudential Securities from taking any action which would diminish the value of the funds below $250,000.00 in defendant Clarence Lark's IRA stock accounts until further order of this Court.

The United States of America respectfully submits the following memorandum of law in support of its agreed motion for entry of a Protective Order.

## I.    Introduction

On October 31, 2000, defendant Clarence Lark, Larry Crenshaw and others were indicted by a federal grand jury in the Southern District of Florida on charges of RICO conspiracy, conspiracy to import controlled substances, conspiracy to possess with intent to distribute controlled substances, conspiracy to money launder and substantive counts of money laundering, in violation of Title 18,

United States Code, Section 1962,  Title 21, United States Code, Sections 963, 841 and Title 18, United States Code, Sections 1956 and 1957, respectively.  The Indictment contains forfeiture allegations in Count 43 pursuant to 18 U.S.C. §§1963, 982 and 21 U.S.C. §853, and lists the defendants' properties (approximately 15 vehicles) which have been identified, to date, which were used or intended to be used to commit or facilitate the commissions of those violations, or is property constituting, involved in, or derived from any proceeds the defendants obtained, directly or indirectly as a result of such violations.

## II.    Summary of Relevant Facts

1.    The vehicles in question were seized pursuant to seizure warrants issued on November 7, 2000, by Magistrate Judge Barry L. Garber, after finding that probable cause existed to believe the vehicles were purchased with proceeds traceable to narcotics.

2.    On March 21, 2001, Larry Crenshaw, Joyce Lark (wife of defendant Clarence Lark, Jr.) and Star's Choice, Inc. (a corporation of Crenshaw and Lark which rents the vehicles seized) filed an emergency petition for temporary return of seized assets alleging that they had been offered a contract to rent the vehicles seized.

3.    The United States filed papers in opposition alleging that the vehicles seized were purchased with proceeds and that any profit/moneys derived from their rental would be forfeitable as property derived from proceeds.

4.    Contemporaneously with this motion, the parties in this matter filed with the Court a Stipulation agreeing to release the vehicles seized and to substitute $120,000.00 for the vehicles seized.  The $120,000.00 are from Clarence Lark's IRA stock accounts at Prudential Securities in Aventura, Miami, Florida.  The stipulation also, a copy of which is attached as Exhibit One, provides

2

that when and if the United States obtains a final order of forfeiture against the $120,000.00,

defendant Clarence Lark, Jr. shall within five (5) days after notice pay from the Prudential Securities

or other sources the $120,000.00 as proceeds pursuant to 21 U.S.C. §853.

5.      In order to implement properly and completely the terms of the stipulation, a

protective order is necessary forthwith restraining Clarence Lark, Jr., Joyce Lark and Prudential

Securities[1] and its employees from dissipating, moving, transferring, and/or taking any action which

would diminish the value of the funds in the IRA stock accounts below $250,000.00.

6.      Donald Bierman, Esq., Counsel for Clarence Lark, Jr. and Paul Lazarus, Esq.,

Counsel for Counsel for Larry Crenshaw, as shareholder and director of Star's Choice, Inc., agree

with the relief requested.

### III.    **Memorandum of Law**

A.      The Authority for Post-Indictment Restrain Of Assets Is Statutory

The statutory provisions of 18 U.S.C. §982(a),[2] mandate the forfeiture of the defendants'

interest in any property, real or personal, involved, or traceable to violations of 18 U.S.C. §§1956

or 1957. In addition, any interest a person has in property constituting, or derived from any proceeds

obtained directly or indirectly from a violation of 21 U.S.C. §§801 *et seq.,* is forfeitable to the United

States under 21 U.S.C. §853.

The Court is empowered to preserve the assets subject to forfeiture by post-indictment

_____

[1]On April 11, 2001, the undersigned spoke to Douglas Golden, Vice President for Investments of Prudential Securities, regarding the terms of the proposed protective order. Mr. Golden represented that he understood the relief requested and that Prudential Securities would promptly abide by the Court's order.

[2]18 U.S.C.§982(b) provides that the seizure and disposition of property subject to forfeiture shall be governed by the provisions of 21 U.S.C. §853.

restrains on the assets subject to forfeiture.  21 U.S.C. §853(e)(1) specifically provides that:

> Upon application of the United States, the court may enter a restraining order or injunction . . . or take any other action to preserve the availability of property described in subsection (1) of this section for forfeiture under this section --
>> (A) upon the filing of an indictment or information charging a violation . . . for which forfeiture may be ordered . . . and alleging that the property . . . would, in the event of conviction, be subject to forfeiture under this section; . . .

And the Protective Orders, Restraining Orders, Performance Bonds or Injunctions, for assets that are subject to forfeiture, may be entered without prior notice and opportunity for a hearing. See United States v. Bissel, 866 F.2d 1343 (11 Cir.) cert. denied, 110 S.Ct. 146 (1989); United States v. St. Pierre, 950 F.Supp. 334 (M.D. Fla. 1996).

### B.    The Restraining Order Can Be Issued Without An Adversarial Hearing Prior To Its Entry

Additionally, according to the Senate Report on the Comprehensive Crime Control Act of 1984, "the probable cause established in the indictment or information is, in itself, to be a sufficient basis for the issuance of a restraining order." Senate Report No. 225, 98th Cong., 2d Sess. 203, reprinted in 1983 U.S. Code Cong. And Admin. News, 3182, 3385. See, United States v. Monsanto, 924 F.2d 1186, 1193 (2nd Cir. 1991)(en banc)("because of the exigent circumstances presented, notice and hearing need not occur before  and *ex parte* restraining order is entered pursuant to 853(e)(1)(A)."); see also, United States v. Bissel, 866 F.2d at 1352 (pretrial restrain of assets does not violate due process); United States v. Musson, 802 F.2d 384, 387 (10th Cir. 1986)(district Court can rely on the probable cause in a Grand Jury Indictment in issuing a restraining order restricting free alienation of property possibly subject to forfeiture).  Thus, under the law of this Circuit, probable cause has been established.

4

Therefore, based on the plain interpretation of the statutory language and the clear legislative history, the Court may enter an order restraining the property in the form of a Protective Order in the form attached, on the basis of the Indictment alone. Based upon the probable cause as found by the Federal Grand Jury returning the Indictment describing the property that is subject to forfeiture upon the defendants' conviction, this Court has a sufficient basis to enter the proposed Protective Order to preserve the *status quo.*

WHEREFORE, the United States requests forthwith the entry of the attached Protective Order.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7314, ext. 3614
FAX: (954) 356-7180
Bar No. A5500074

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was faxed and mailed this 12th day of April, 2001, to Paul D. Lazarus, Esq., 800 Brickell Avenue, PH-2, Miami, FL 33131-2944 at FAX No. (305) 358-4010 and Donald Bierman, Esq., c/o Bierman, Shohat, Loewy & Klein, 800 Brickell Avenue, Penthouse Two, Miami, FL 33131. FAX (305) 358-4010.

_____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY

5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 00-6311-Cr-Huck/Brown

UNITED STATES OF AMERICA,

        Plaintiff,

vs

CLARENCE LARK, et al,

        Defendants.

_____/

### STIPULATION

IT IS HEREBY stipulated and agreed by and between Larry Crenshaw, Joyce Lark, Star's Choice, Inc. and the United States of America, with regard to the Emergency Petition for Temporary Return of Seized Assets, as well as with regard to the criminal forfeiture count contained in Indictment No. 00-6311-Cr-Huck/Brown, as follows:

    1. Clarence Lark, the husband of Petitioner Joyce Lark and brother-in-law of Petitioner Larry Crenshaw shall provide the United States of America with an Irrevocable Assignment and/or Hypothecation of One Hundred Twenty Thousand ($120,000) Dollars on his Security Accounts with Prudential Securities (Account Nos. 07N-R44567; MAA-814031; 07N-323188) maintained at 19495 Biscayne Boulevard, Suite 500, Aventura, Florida 33180, which shall be recorded in the Records of Miami-Dade County, Florida.

    2. The government shall release all of the trucks seized from Star's Choice, Inc. immediately upon receipt of the properly executed documents as described above, AND THE Court's protective order restraining Clarence Lark and Prudential Securities from dissipating the accounts below an agreed upon sum.

-1-

GOVERNMENT
EXHIBIT
ONE

3. In no event shall the value of the security and funds contained in Mr. Lark's account fall below $250,000.

4. In the event that the United States of America obtains a Final Order of Forfeiture, then Petitioners and Clarence Lark shall within five (5) days after having received notice thereof, pay the sum of One Hundred Twenty Thousand ($120,000) Dollars to the United States government, or the government shall at the close of business on that fifth day be entitled to liquidate One Hundred Twenty Thousand ($120,000) Dollars of securities in the Lark Prudential Securities Account, and retain said proceeds in lieu of the forfeiture of the seized vehicles, more particularly described in the Emergency Petition for Temporary Return of Seized Assets.

5. The United States of America acknowledges that with respect to indictment number 00-6311-Cr-Huck/Brown, including but not limited to the criminal forfeiture count therein, that it has no claim upon Clarence Lark's Prudential Securities Accounts beyond the One Hundred Twenty Thousand ($120,000) Dollars which is to irrevocably secure the release of and replacement for the value of the vehicles seized from Star's Choice, Inc.

6. Clarence Lark warrants and represents that he is the sole owner of the within stated accounts and that there are no claims whatsoever by any third parties upon this account or the funds and securities therein.

Respectfully submitted,

PAUL D. LAZARUS, P.A.
Attorneys for Larry Crenshaw &
Star's Choice, Inc.
800 Brickell Avenue, PH-2
Miami, FL 33131
Phone: 305-539-0606
Facsimile: 305-358-4010

BY_____
    PAUL D. LAZARUS, ESQ.
    Florida Bar No. 242349

BIERMAN, SHOHAT,
LOEWY & KLEIN P.A.
Attorneys for Joyce Lark &
Clarence Lark
800 Brickell Avenue PH-2
Miami, FL 33131-2944
Phone: 305-358-7000
Facsimile: 305-358-4010

BY_____
    DONALD I. BIERMAN, ESQ.
    Florida Bar: 093244

-2-

**UNITED STATES OF AMERICA**
99 N.E. Fourth Street - 7th Floor
Miami, FL 33132

BY_____
        **WILLIAM BECKERLEG, ESQ.**

-3-

LAW OFFICES OF BIERMAN, SHOHAT, LOEWY & KLEIN, P.A. PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2944