UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6311-CR-HUCK/BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CLARENCE LARK, et al.,

    Defendants.
_____/



FILED by ___ D.C.
APR 2 6 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

**ORDER ON DEFENDANT LARK'S APPEAL OF MAGISTRATE
JUDGE'S ORDER DENYING MOTION TO STRIKE SURPLUSAGE WITH
RESPECT TO GENERAL ALLEGATION PARAGRAPH 8 OF THE INDICTMENT**

THIS CAUSE was heard on the Defendant, Clarence Lark's Appeal of Magistrate Judge's Order Denying Motion to Strike Surplusage With Respect To General Allegation Paragraph 8 Of The Indictment for a *de novo* review of Defendant's Motion To Strike Surplusage. The Court has reviewed Defendant's Motion To Strike Surplusage And Memorandum Of Law And Facts In Support Thereof, the Government's Response, Magistrate Stephen T. Brown's Order on Motion To Strike Surplusage, Defendant's Appeal of Magistrates Judge's Order Denying Motion To Strike Surplusage, the Government's Response, the Indictment and the record of this cause. The Court, having completed its *de novo* review, enters the following order affirming Magistrate Judge Brown's Order Denying Motion To Strike Surplusage with the modification described below.

    <u>General Allegations</u>, paragraph 8, reads as follows:

> The Independent Review Board (IRB) was established by court order
> in accordance with a Consent Order entered in *United States v. IBT*,
> 88 CIV. 4486 (S.D.N.Y.) to review the activities of the International
> Brotherhood of Teamsters. On September 16, 1996, the International
> Brotherhood of Teamsters, with the approval of the IRB, permanently



> barred defendant LARK from holding office with any International Brotherhood of Teamsters entity, paid or unpaid, having membership in Local 390 and any other International Brotherhood of Teamsters entity, or from receiving any compensation or benefits from any International Brotherhood or Teamsters entity other than fully vested benefits.

Defendant asks the Court to strike, as unduly prejudicial and not sufficiently relevant, the last sentence in paragraph 8 and substituting it with a more limited, simpler statement to the effect that Defendant, "Lark was removed as President and as a member of the Local Teamsters Union in 1996." Defendant concedes that the fact of removal as president and as a member of the union is relevant to the conspiracy charged in the indictment. However, Defendant asserts that paragraph 8 impermissibly goes too far in alleging the fact that Independent Review Board ("IRB") permanently barred Defendant from his office in the union. Citing Rule 803(8)(c), Defendant contends that "*factual findings*" resulting from Court trusteeship, served as the IRB, are not admissible against a defendant in a criminal proceeding. Defendant further argues the evidence of a hearing conducted by the IRB pursuant to a consent order, resulting in a finding of wrongdoing sufficient to ban Defendant from the union, is tantamount to evidence of a past conviction, subject to Federal Evidence Rule 403 scrutiny. Thus, argues Defendant, the potential prejudice to Defendant is outweighs the questionable relevance of this information.

The Government counters that paragraph 8, as written, is wholly appropriate in that the very essence of the conspiracy charged against Defendant is that he violated the Racketeer Influenced and Corrupt Organizations statute ("RICO") by using his position as president to enrich himself. The Government points out that Defendant's false statements to the IRB were made to preserve his ability to misuse his position; and thus, are highly relevant and constitute an integral part of Defendant's RICO violation as charged. This is particularly so when, as the Government contends here,

Defendant remained in *de facto* control of the union in violation of the IRB's order in order to continue the RICO conspiracy. The Government, while acknowledging that the IRB's factual findings would not themselves be admissible against Defendant at trial, maintains that the nature of the IRB's investigation is admissible to demonstrate the relevance of Defendant's alleged false statements to the IRB. Finally, the Government suggests that any potential undue prejudice to Defendant may be overcome by an appropriate limiting instruction.

In the Eleventh Circuit, a motion to strike surplusage is not granted unless clearly the allegations are not relevant to the charge in the indictment and are inflammatory and prejudicial. United States v. Awan, 966 F.2d 1415 (11th Cir. 1992); United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990). In view of the broad reach of the Government's RICO conspiracy count, it appears to the Court, and the Court so finds, that the objected to language is relevant and not unduly prejudicial. Therefore, it will not be stricken. In fact, the allegations in paragraph 8 go to the heart of at least one aspect of the RICO conspiracy as it relates to Defendant Lark in particular. However, the court believes that the Government's suggestion of a limiting instruction for the jury is a good one.[1] The Defendant and the Government are instructed to work together, in good faith, to prepare such a limiting instruction to be read to the jury. If they are unable to agree upon such an instruction, each shall submit a proposed instruction at least two business days prior to trial for the Court's consideration.

Based on the foregoing, it is ORDERED that Defendant's Appeal of Magistrate Judge's

---

[1] Moreover, the Court notes that both the Defendant and the Government acknowledge that the fact findings of the IRB are inadmissible. Yet, in this regard, it may be less than clear where the IRB's actions and its findings of fact part ways. Thus, this Court may not be able to determine whether evidence offered by the Government is an IRB action or its specific finding of fact until it hears the specific evidence or the context in which it is offered. Accordingly, the parties should not consider the Court's denial of the Defendant's motion to strike as a ruling on the admissibility of any specific evidence offered regarding the IRB.

Order Denying Motion to Strike Surplusage is DENIED, Magistrate Judge Brown's Order on Motion to Strike is AFFIRMED, and Defendants Motion to Strike Surplusage is DENIED.

DONE AND ORDERED in chambers, Miami, Florida, this 26th day of April, 2001.

*[signature]*

Paul C. Huck
United States District Judge

Copies furnished to:

Magistrate Judge Stephen T. Brown

Donald I. Bierman, Esq.
Bierman, Shohat, Loewy, & Klein, PA
800 Brickell Avenue, PH-2
Miami, FL 33131

Steve Kassner, Esq.
815 Ponce de Leon Blvd., Ste. 303
Coral Gables, FL 33134

Bruce H. Lehr, Esq.
1401 Brickell Avenue, Ste. 810
Miami, FL 33131

Larry Hanfield, Esq.
4770 Biscayne Blvd., Ste. 1200
Miami, FL 33137

Martin R. Raskin, Esq.
Grove Forest Plaza, Ste. 206
2937 SW 27 Avenue
Miami, FL 33133

Michael J. Dittoe, Assistant U.S. Attorney

Paul D. Lazarus Esq.
800 Brickell Avenue, PH-2
Miami, FL 33131

Guy Speigelman, Esq.
28 W. Flagler Street, Ste. 400
Miami, FL 33131

Reemberto Diaz, Esq.
1435 S. Miami Avenue
Miami, FL 33130

James D. Henderson, Esq.
12121 Wilshire Blvd.
Los Angeles, CA 90025

William J. Cone Jr., Esq.
514 SE 7th Street
Ft. Lauderdale, FL 33301