UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6311-Cr-Huck
(Magistrate Garber)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLARENCE LARK, ET AL.,

Defendants.

_____/



### DEFENDANT'S REQUEST FOR CAUTIONARY INSTRUCTION REGARDING JURY SELECTION

Defendant, Clarence Lark ("Lark"), through undersigned counsel, hereby moves for a Cautionary Instruction regarding discriminatory use of peremptory challenge and in support thereof would show:

1. Jury selection in this cause is scheduled to commence on Monday, May 7, 2001.

2. Each of the Defendants in this cause are African American.

3. The defense is concerned about any party attempting to exclude any individual from service on this jury based upon race.

4. The United States Supreme Court has held that discrimination in the selection of the venire violates the Equal Protection Clause because it denies the protection that a trial by jury is intended to secure. See Batson v. Kentucky, 476 U.S. 79, 91, 106 S.Ct. 1712, 1720, 90 L.Ed. 69 (1986). The prosecution's use of peremptory challenges based

NON-COMPLIANCE OF S.D. Fla. L.R. 11A4

LAW OFFICES OF BIERMAN, SHOHAT, LOEWY & KLEIN, P.A. PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2944

solely on account of race or in the assumption that black jurors as a group would be unable to decide the case impartially is strictly forbidden. *Id.*

5. Once a *Batson* challenge is made, the trial court is obliged to conduct a three part inquiry. See *Hernandez v. New York*, 500 U.S. 352, 359-60, 111 S.Ct. 1859, 1865-66 (1991). First the opponent of the challenge has to make out a *prima facie* case of discrimination. See *United States v. Mojica*, 984 F.2d 1426, 1449 (7th Cir.) Cert. Denied 508 U.S. 947 (1993).

6. A *prima facie* case is made by the defense racing an inference that the government used its peremptory challenges in a discriminatory way, which may be done by showing a pattern of strikes against a certain class of jurors during the government's questioning during *voir dire*. See *Batson, supra*, at 97, 106 S.Ct. at 1723. If *prima facie* case of discrimination is made, the burden then shifts to the proponents of the challenge to come up with the neutral explanation for the challenge. See *Hernandez, supra*, 500 U.S. at 358-59. Finally, if a *prima facie* case has been established and the proponent forwards a neutral explanation for the challenge, the Court must then decide whether purposeful discrimination has been shown. See *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed. 2d 834 (1995).

7. Based on the foregoing, the defense requests that the Court issue a cautionary instruction to all parties that it will closely monitor the exclusion of African American jurors in order to ensure that Mr. Lark and the other African American defendants' rights to equal protection under the Fifth and Fourteenth Amendments to the United States Constitution are protected.

Respectfully submitted,

**BIERMAN, SHOHAT,
LOEWY & KLEIN P.A.**
Attorneys for Defendant Lark
800 Brickell Avenue PH-2
Miami, FL 33131-2944
Phone: 305-358-7000
Facsimile: 305-358-4010

By:_____
**DONALD I. BIERMAN, ESQ., #093244
MICHAEL A. PIZZI, JR., ESQ., #079545**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by mail, this 2nd day of May, 2001, to: Michael Dittoe, Esquire, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394.

_____
**MICHAEL A. PIZZI, JR., ESQ.**