UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6311-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

VS.

CLARENCE LARK, et al.

    Defendants
_____/

NIGHT BOX
FILED

MAY 07 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MOTION IN LIMINE CONCERNING OPENING STATEMENT

Comes now the Unites States, and hereby files its motion *in limine* concerning matters that may be raised by counsel in opening statement and in support thereof states as follows:

1. After Lionel Welch was arrested he agreed to cooperate with the United States. In accordance with his cooperation agreement Welch made a recorded conversation with the Defendant Clarence Lark. In that conversation the defendant Lark stated that he was not involved in any criminal activity. This statement was made after the considerable publicity surrounding the initial arrest of Welch and his co-conspirators. The United States does not intend to offer the tape into evidence.

2. The out of court statement by Lark is hearsay in that it is an out of court statement by Lark that may be offered by Lark to prove the truth of the matter asserted in the out of court



statement. If offered by Lark the tape is inadmissible hearsay. Fed. R. Evid. 801(c) & 802. See <u>United States v. Ricketts</u>, 146 F.3d 492, 496 (7th Cir. 1998); <u>United States v. Sewell</u>, 90 F.3d 326, 327 (8th Cir. 1996); <u>United States v. Sanders</u>, 639 F.2d 268, 270 (5th Cir. 1981)(all holding that out of court statements of a defendant when offered by the defendant are inadmissible as rank hearsay not falling within any exception to the rule against hearsay). Consequently, the United States moves <u>in limine</u> for this Court to order that defense counsel not refer to the contents of the tape in opening statement.

3. The Internal Revenue Service (IRS) conducted a civil audit of the Defendant Lark in 1998. That audit revealed that the defendant had a large amount of cash stored in his safe. In that audit the IRS Revenue Officer apparently accepted the Defendant Lark's explanation that the cash came from savings over the years.

4. Although defense counsel would be able to cross examine the IRS Revenue Officer with his report should he testify, the defendant is prohibited from using that report as an admission by a party opponent in that Federal Rule of Evidence 801(d)(2), which governs admissions by a party opponent, does <u>not</u> apply to the government in criminal prosecutions. <u>United States v. Zizzo</u>, 120 F.3d 1338, 1351-1352 (7th Cir. 1997); <u>United States v. Prevatte</u>, 16 F.3d 767, 779 n. 9 (7th Cir. 1994). Consequently,

2

defense counsel should be prohibited from stating in opening that the IRS determined that Defendant Lark was legally in possession of a large amount of cash. In fact, the existence of the audit should not be discussed in opening because it is relevant only as impeachment in the event the IRS Revenue Officer who conducted the audit testifies for the government.

Wherefore, the United States moves the Court <u>in limine</u> to order that defense counsel, in opening statement, not refer to the contents of the recorded conversation of Lark and not mention the existence of the IRS audit of Lark.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: *[signature]*
MICHAEL J. DITTOE
Assistant United States Attorney
Court ID #A5500209
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

BY: *[signature]*
TERRENCE THOMPSON
Assistant United States Attorney
Court ID # A5500063
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered in open court this 7th day of May, 2001 to the below listed counsel:

Donald I. Bierman, Esq
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131

(305) 358-7000
Attorney for Lark

Guy Speigelman, Esq.
28 W. Flagler St., Ste. 400
Miami, FL 33131

(305) 373-6634
Attorney for McHorne

William J. Cone, Jr., Esq.
514 S.E. Seventh St.
Ft. Lauderdale, FL 33301

(954) 764-0570
Attorney for Newton

Paul D. Lazarus, Esq.
800 Brickell Ave., PH-2
Miami, FL 33131

(305) 539-0606
Attorney for Crenshaw

Bruce H. Lehr, Esq.
1401 Brickell Ave., Ste. 810
Miami, FL 33131

(305) 377-1777
Attorney for Seymore

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

TERRENCE THOMPSON
ASSISTANT UNITED STATES ATTORNEY