UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6311-CR-HUCK

01 MAY 14 AM 9: 21

UNITED STATES OF AMERICA,

    Plaintiff,

VS.

CLARENCE LARK, et al.

    Defendants

_____/

### MEMORANDUM CONCERNING PAYMENTS BY UNION MEMBERS

    Comes now the United States, and hereby files its Memorandum Concerning Payments By Union Members.

    The Racketeering (RICO) conspiracy charge alleges that the members of the conspiracy would commit multiple acts involving extortion in violation of 18 U.S.C. § 1951. In this instance, the extortion consisted of the exploitation of the reasonable fear by members of the union that they were required to make payments to union leaders, including the defendant Clarence Lark, in order to work in the movie and television trade. (Indictment, Count 1 ¶ 4(D) of the Conspiracy Charge; ¶¶ 6, 7 and 8 of the Manner and Means Section.) The extortion charge is set forth as one of the objects of the RICO conspiracy.

    The term extortion, as used under the circumstances of this case, involves the obtaining of property from another, with his



or her consent, induced by the wrongful use of economic fear. It is well settled that a victim's fear of negative economic consequences if he or she fails to make payments is sufficient to establish that the victim made the payments because of fear. In United States v. Kopituk, 690 F.2d 1289, 1328 (11th Cir. 1982) the Eleventh Circuit succinctly stated this well settled rule of law and held that, "[f]ear of economic loss is included within the purview of Section 1951." (Collecting cases). This rule has been repeatedly affirmed by the Eleventh Circuit. For example, in United States v. Flynt, 15 F.3d 1002, 1006 (11th Cir. 1994) the court observed that "[a]n offense occurs when a defendant exploits a victim's reasonable fear of economic loss." Accord United States v. Haimovitz, 725 F.2d 1561, 1572 (11th Cir. 1984).

Furthermore, "it is not necessary to show that the defendant caused the fear or made a direct threat. It is sufficient to show that the defendant intended to exploit the fear." United States v. Flynt, 15 F.3d at 1006 (emphasis supplied). In another words:

> The fear experienced by the victim does not have to be the consequence of a direct threat. Rather, extortion is found if the circumstances render the victim's fear reasonable. Fear of economic loss is a type of fear within the purview of § 1951. The defendant does not need to have caused the fear; the statute is satisfied if he or she intended to exploit the fear.

United States v. Haimowitz, 725 F.2d at 1571 (citations omitted). Accord United States v. Kopituk, 690 F.2d at 1328 (collecting

2

cases); United States Middlemiss, 217 F.3d 112, 117 (2d Cir.
2000); United States v. Fiorelli, 133 F.3d 218, 224 (3rd Cir.
1998).

The United States will demonstrate, through a combination of
circumstantial and direct evidence, that the Defendant Lark
extorted members of his union.  We will establish the following
facts: 1) One union member will testify that he gave money
directly to Lark as insurance to keep working; 2) In the
depositions of the defendants Lark and Crenshaw taken before the
Independent Review Board (IRB) both defendants admitted that
collections were taken and given to Lark for birthdays, Christmas
and campaigns; 3) In the deposition of defendant Crenshaw he
admitted that Peter DiLella collected money for these gifts and
kept documentation in order not to "go to the same person twice";
4) Union members, who had direct contact and conversations with
Defendant Lark, will testify that Lark made the decision who
would work on  movie and television productions; 5) Union members
will testify that there was a collection taken up for virtually
every movie production and that these collections were exorbitant
and exceeded the number of collections that would be needed for a
birthday gift or a Christmas gift; 6) Union members will testify
that the last collection was during the filming of the movie
Striptease and that the collection, which was taken shortly
before the investigators from the IRB arrived, was returned to

3

the union members; 7) A union member will testify that the gifts
had to be in cash and that a gift by check would be rejected; 8)
Collections taken up for ordinary Teamster members were
considerably less than those taken for the leadership of Local
390; 9) Casual dues were paid in cash and the union's ledger,
which has a specific line item for casual dues, reflect no
receipts for casual dues; 10) Union members will testify that
Lark controlled the union even after he was removed from office.

Because the victim's state of mind is an element of proof
under the statute, evidence concerning the victim's state of mind
and his or her  own motivations for giving the payments is
admissible at trial.  Thus, the United States is permitted to
elicit testimony from union members that they made payments to
persons collecting on behalf of Lark because the union members
thought that they needed to make these payments in order to work
on movies and television productions. United States v. Grasi, 783
F.2d 1572, 1578 (11th Cir. 1986)(victim's state of mind is
relevant and admissible evidence in an extortion case); United
States v. Dozier, 672 F.2d at 542 (5th Cir. 1982)(state of mind
evidence is admissible even though direct coercion is not
required) United States v. Duhon, 565 F.2d 345, 352 (5th Cir.
1978)(this court has recognized the value of evidence of the
victims of extortion); United States v. Hyde, 448 F.2d 815, 845
(5th Cir. 1971) (detailed analysis of the relevance of state of

4

mind testimony).

Testimony concerning the victim's state of mind is, however, not admissible as substantive evidence that the defendant threatened the victim's but rather as evidence of the victim's own state of mind--which is a crucial element of the demonstrating the offense of extortion. Consequently, a limiting instruction informing the jury that they may consider such state of mind evidence only on the question of the victim's motivation for giving the funds should be given by the court. United States v. Grasi, 783 F.2d at 1578; United States v. Dozier, 672 F.2d at 542; United States v. Duhon, 565 F.2d at 352; United States v. Hyde, 448 F.2d at 845.

Furthermore, not only is the victim entitled to testify to his or her own state of mind, but the victim may testify to his understanding of what he or she must do based on conversations with third parties as well as the defendant's reputation. The Fifth Circuit in a seminal prosecution of governmental officials for extorting business in the insurance industry ruled that an extortion victim properly testified that he made payments to the governmental officials " because of things I knew to be true in the State." United States v. Hyde, 448 F.2d at 845. Moreover, the Eleventh Circuit has ruled that the admission of evidence from a victim that he made payments because of the reputation of the defendant is proper, with the aforementioned limiting

5

instruction, and that such evidence does not violate the

defendant's sixth amendment right to cross-examination. United

States v. Grassi, 783 F.2d at 1577.

Accordingly, the United States may elicit the testimony of

union members that they contributed funds because they were told

by others that they needed to make such contributions in order to

work in the movie industry.  This testimony is admissible to

establish the victim's state of mind.  A limiting instruction

should, however, be given that informs the jury of the following:

> The evidence you about to hear concerning the state of mind
> of the witness, and what that witness heard about the
> defendant, may not be considered by you in deciding whether
> the defendants made use of such fear in convincing the union
> members to pay. You may consider such evidence only in
> determining the state of mind of the witness.

See United States v. Hyde, 448 F.2d at 845(instruction based on

the court's paraphrasing of the district court's instruction to

the jury).

                              Respectfully submitted,
                              GUY A. LEWIS
                              UNITED STATES ATTORNEY


                         BY: _____
                              MICHAEL J. DITTOE
                              Assistant United States Attorney
                              Court ID #A5500209
                              500 E. Broward Blvd., Ste. 700
                              Ft. Lauderdale, FL 33394-3002
                              Tel: (954) 356-7392
                              Fax: (954) 356-7230


                              6

BY: _____

TERRENCE THOMPSON
Assistant United States Attorney
Court ID # A5500063
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered in open court this 14th day of May, 2001 to the below listed counsel:

Donald I. Bierman, Esq
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131

(305) 358-7000
Attorney for Lark

Guy Speigelman, Esq.
28 W. Flagler St., Ste. 400
Miami, FL 33131

(305) 373-6634
Attorney for McHorne

William J. Cone, Jr., Esq.
514 S.E. Seventh St.
Ft. Lauderdale, FL 33301

(954) 764-0570
Attorney for Newton

Paul D. Lazarus, Esq.
800 Brickell Ave., PH-2
Miami, FL 33131

(305) 539-0606
Attorney for Crenshaw

Bruce H. Lehr, Esq.
1401 Brickell Ave., Ste. 810
Miami, FL   33131

(305) 377-1777
Attorney for Seymore


MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY


TERRENCE THOMPSON
ASSISTANT UNITED STATES ATTORNEY

8