UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6311-Cr-HUCK

FILED by _____ D.C.

MAY 3 0 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

UNITED STATES OF AMERICA,

          Plaintiff,

v.

CLARENCE LARK, et al.,

          Defendant.
_____/

### COURT'S INSTRUCTIONS TO THE JURY

Dated this 29th day of May, 2001.

_____
Paul C. Huck
United States District Judge

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

## Introduction to Offense Instructions

At this time I will explain the indictment which charges separate offenses called "counts."  I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

Count one charges the Defendant's Clarence Lark and Larry Crenshaw with conspiracy to violate the Racketeer, Influenced and Corrupt Organizations (RICO) statute.

Count two charges the Defendants Clarence Lark, Curtis Newton, and Lawrence Seymore with conspiracy to import cocaine and marijuana into the United States.

Count three charges the Defendants Clarence Lark, Curtis Newton, Ricardo McHorne and Lawrence Seymore with conspiracy to distribute cocaine and marijuana.

Count four charges the Defendants Clarence Lark, and Larry Crenshaw with conspiracy to launder money.

Counts 6-13 charge the Defendant Clarence Lark with money laundering.

Counts 14-16 charge the Defendant Larry Crenshaw with money laundering.

Count 36 charges the Defendant Ricardo McHorne with possession of cocaine with the intent to distribute.

Count 39 charges the Defendant Lawrence Seymore with using a telephone to facilitate drug trafficking.

Count 42 charges the Defendant Curtis Newton with

3

importation of cocaine.

Count 43 charges the Defendant Curtis Newton with possession of cocaine with the intent to distribute.

First, however, as to Counts 1-4, you will note that the Defendants are not charged in those Counts with committing a substantive offense; rather, they are charged with having conspired to do so.

## Duty to Follow Instructions
## Presumption of Innocence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

5

## Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of the Evidence
## Direct and Circumstantial
## Argument of Counsel

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

Now, in saying that you must _consider_ all of the evidence, I do not mean that you must _accept_ all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**Impeachment**
**Inconsistent Statement and Felony Conviction**
**(Defendant Testifies With No Felony Conviction)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## On or About-Knowingly-Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law

**Caution - Punishment**
**(Multiple Defendants - Multiple Counts)**

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

## Accomplice
## Plea Agreement

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called alleged unindicted co-conspirators with whom the Government has entered into plea agreements providing for the possibility of a lesser sentence than the witnesses would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a person has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

## Accomplice-Addictive
## Drug-Immunity

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time.  Also, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

### Confession-Statement
### (Multiple Defendants)

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

Of course, any such statement should not be considered in any way whatever as evidence with respect to any other Defendant on trial.

## Similar Acts Evidence

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of a Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if a Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that a Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment and whether a Defendant acted according to a plan or in preparation for commission of a crime.

### Aiding and Abetting (Agency)
### 18 USC § 2

As to the substantive offenses, the guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt

18

that the Defendant was a willful participant and not merely a knowing spectator.

## Rico Conspiracy Offense
## 18 USC § 1962(d)

The defendant's Clarence Lark and Larry Crenshaw are charged in Count One with conspiracy to violate the provisions of the Racketeering Influence and Corrupt Organizations (RICO) statute.

Title 18, United States Code, Section 1962(c), makes it a Federal crime or offense for anyone who is associated with an "enterprise" engaged in, or the activities of which affect, interstate commerce, to participate in conducting the affairs of the enterprise through a "pattern of racketeering activity."

The Defendants named in Count one of the indictment - - the conspiracy count - - are not charged in that Count with violating Section 1962(c); rather, they are charged with knowingly and willfully conspiring to violate that law, the alleged conspiracy itself being a separate crime or offense in violation of Section 1962(d).

So, under that law a "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish an offense that would be in violation of Section 1962(c). It is a kind of "partnership in criminal purposes" in which each member becomes the agent of every other member.

The evidence in the case need _not_ show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly discussed between themselves the details of the scheme and its purpose, _or_ the precise ways in which the purpose was to be accomplished. Neither must it be

20

proved that <u>all</u> of the persons charged to have been members of the conspiracy were such, <u>nor</u> that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:     That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, namely, to engage in a "pattern of racketeering activity" as charged in the indictment; and

<u>Second</u>:    That the Defendant knowingly and willfully became a member of such conspiracy; and

<u>Third</u>:    That at the time the Defendant knowingly and willfully agreed to join in such conspiracy, the Defendant did so with the specific intent either to personally participate in the commission of two "predicate offenses," as elsewhere defined in these instructions, <u>or</u> that the Defendant specifically intended to otherwise participate in the affairs of the "enterprise" with the knowledge and intent that other members of the conspiracy would commit two or more "predicate offenses" as a part of a "pattern of racketeering activity."

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict for conspiracy even

though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

### Rico-Definitions

The term "enterprise" includes any labor union.

The term "racketeering activity" includes any of the following acts:

A.    The importation into the United States of America of cocaine and marijuana, and conspiracy to do so, in violation of indictable under, Title 21, United States Code, Sections 952 and 963.

B.    The possession with the intent to distribute cocaine and marijuana, and conspiracy to do so, in violation of and indictable under, Title 21, United States Code, Section 841 and 846.

C.    The laundering of money derived from a specified unlawful activity, that is the sale of cocaine and marijuana and conspiracy to do so, in violation of and indictable under, Title 18, United States Code, Sections 1956 and 1957.

D.    The interference with interstate and foreign commerce by means of extortion, and conspiracy to do so, that is, the unlawful demand for money from union members under the threat of economic loss, in violation of and indictable under, Title 18, United States code, Section 1951.

As to the defendant Crenshaw, the term "Racketeering Activity" only includes the acts previously specified in "C" above.

In order to find a "pattern of racketeering activity" for purposes of count 1, you must find beyond a reasonable doubt that

the defendant agreed that at least one member of the conspiracy would commit at least two acts of racketeering as described in Count 1. You must also find that those acts were in some way related to each other or to the enterprise and that there was continuity between them. You must also unanimously decide on what type of predicate offenses were involved in the conspiracy.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count 1, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts.

Interstate commerce includes the movement of money, goods, services or persons from one state to another or between another country and the United States. This would include the entering into of contractual relationships with businesses involved in interstate or foreign commerce. If you find that beyond a reasonable doubt that the actions of the union affected in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected.

24

The government need only prove that the union as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement.  The government need not prove that a defendant engaged in interstate commerce or that the acts of a defendant affected interstate commerce.

## Interference With Commerce By Extortion
## Hobbs Act - - Racketeering
## 18 USC § 1951(a)

The indictment does not charge extortion as a separate crime. However, because extortion is one of the four categories of the Racketeering Acts in the Rico conspiracy the following instruction is given for your guidance.

Title 18, United States Code, Section 1951(a), makes it a Federal crime or offense for anyone to extort something from someone else and in doing so to interfere with interstate commerce.

Extortion has three elements each of which must be proven beyond a reasonable doubt:

> First:    That the Defendant induced the person described in the indictment to part with property;

> Second:   That the Defendant did so knowingly and willfully by means of "extortion," as hereafter defined; and

> Third:    That the extortionate transaction delayed, interrupted or adversely affected interstate commerce.

The term "property" includes not only money and other tangible things of value, but also includes any intangible right considered as a source or element of income or wealth.

Extortion means to obtain property from someone else with that person's consent, but whose consent is brought about or induced by the wrongful use of fear of economic loss. The defendant must have been aware of the fear and intentionally

26

exploited it.

The term "fear" means a state of anxious concern, alarm or apprehension of harm, including fear of economic loss.

The term "wrongful" means to obtain property unfairly and unjustly by one having no lawful claim to it.

While it is not necessary to prove that the Defendant specifically intended to interfere with interstate commerce, it is necessary that the Government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt or adversely affect "interstate commerce," which means the flow of commerce or business activities between two or more states.

You are instructed that you may find that the requisite affect upon interstate commerce has been proved if you find beyond a reasonable doubt that the movie production companies with whom Teamsters Local 390 were involved in interstate commerce.

### Money Laundering Conspiracy

The defendants Clarence Lark and Larry Crenshaw are charged in Count four with conspiracy to engage in money laundering:

Title 18, United States Code, Section 1956(h), makes it a separate Federal crime or offense for anyone to conspire or agree with someone to launder criminally derived property. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement; <u>or</u> that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:  That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

<u>Second</u>:  That the Defendant, knowing the

28

unlawful purpose of the plan,
willfully joined in it;

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## Money Laundering Conspiracy
## Multiple Objects

In this instance, with regard to the alleged money laundering conspiracy, the indictment charges that the Defendants conspired to: 1) Conduct a financial transaction with the intent to promote an unlawful activity; 2) Conduct a financial transaction to conceal and disguise the source of funds, and 3) To engage in a monetary transaction in criminally derived property of a value greater than $10,000. It is charged, in other words, that they conspired to commit <u>three</u> separate, substantive crimes or offenses.

In such a case it is not necessary for the Government to prove that the Defendant under consideration willfully conspired to commit all of those substantive offenses. It would be sufficient if the Government proves, beyond a reasonable doubt, that the Defendant willfully conspired with someone to commit <u>one</u> of those offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon <u>which</u> of the three offenses the Defendant conspired to commit.

## Controlled Substances
### (Conspiracy)

Title 21, United States Code, Sections 846 and 963 make it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1)and Section 952(a). Section 841(a)(1) makes it a crime for anyone to knowingly possess cocaine or marijuana with intent to distribute it. Section 952(a) makes it a crime for anyone to knowingly import cocaine or marijuana into the United States from some place outside the United States. The defendants Clarence Lark, Curtis Newton and Lawrence Seymore are charged in Count three with conspiracy to import controlled substances and the same defendants, together with the defendant Ricardo McHorne, are charged with conspiracy to distribute controlled substances. Each conspiracy is a separate offense which must be considered separately.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme, <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to

31

prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

First:    That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy.  Also, a person who has no knowledge of a

conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

You must unanimously agree on which controlled substances, if any the defendants conspired to distribute or import. If you find beyond a reasonable doubt that a defendant either conspired to import or conspired to distribute a controlled substance, then you must also determine whether the government has proved beyond a reasonable doubt that the mixture and substance containing a detectable amount of cocaine weighed more than five kilograms and whether the government has proved beyond a reasonable doubt that the mixture and substance containing a detectable amount of marijuana weighed more than 1000 kilograms of marijuana.

## Multiple Conspiracies
### (For Use With Controlled Substances Conspiracy Charge)
### 18 U.S.C. § 371

You are further instructed, with regard to the alleged controlled substances conspiracy offense, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges.

What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators.  If you find that no such conspiracy existed, then you must acquit the defendants of that charge.  However, if you decide that such a conspiracy did exist, you must then determine who the members were; and, if you should find that a particular Defendant was a member of some other conspiracy, not the one charged in the indictment, then you must acquit that Defendant.

In other words, to find a Defendant guilty you must unanimously find that such Defendant was a member of the conspiracy charged in the indictment and not a member of some other separate conspiracy.

34

## Controlled Substances
### (Unlawful Use of Communications Facility)

Title 21, United States Code, Section 843(b), makes it a separate Federal crime or offense for anyone to knowingly use a communication facility in committing, or "facilitating" the commission of, another offense such as the crime of narcotics conspiracy. The Defendant Lawrence Seymore is charged with this offense in Count 39.

The Defendant can be found guilty of the offense of unlawful use of a communication facility as charged in Count 39 only if all of the following facts are proved beyond a reasonable doubt:

First:     That the Defendant used a "communication facility," as charged;

Second:    That the Defendant used the communication facility while in the process of committing, or to "facilitate" the commission of, narcotics conspiracy; and

Third:     That the Defendant acted knowingly and willfully.

The term "communication facility" includes all mail, telephone, wire, radio, and computer-based communication systems.

To "facilitate" the commission of a crime merely means to use a communication facility in a way which aids or assists the commission of the crime. The Government does not have to prove,

however, that the other crime - - the facilitated offense - - was successfully carried out or completed.

## Controlled Substances
## (Possession with Intent to Distribute)

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it. The defendant Ricardo McHorne is charged with this offense in Count 36 and the defendant Curtis Newton is charged with this offense in Count 43

Cocaine is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:      That the Defendant knowingly and
               willfully possessed cocaine as
               charged; and

<u>Second</u>:     That the Defendant possessed the
               substance with the intent to
               distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you find beyond a reasonable doubt that the defendant is guilty of possession of cocaine with the intent to distribute it, then you must also determine whether the Government has proved beyond a reasonable doubt that the mixture ans substance

containing a detectable amount of cocaine weighed five kilograms

or more.

## Controlled Substances
### (Importation)

Title 21, United States Code, Section 952(a), makes it a Federal crime or offense for anyone to knowingly import any controlled substance into the United States. The defendant Curtis Newton is charged with this crime in Count 42.

Cocaine is a controlled substance within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant imported cocaine into the United States from a place outside thereof, as charged; and

Second:   That the Defendant did so knowingly and willfully.

To "import" a substance means to bring or transport that substance into the United States from some place outside the United States.

If you find beyond a reasonable doubt that the defendant is guilty of importing cocaine, then you must also determine whether the Government has proved beyond a reasonable doubt that the

mixture and substance containing a detectable amount of cocaine weighed five kilograms or more.

## Money Laundering

Title 18, United States Code, Section 1956(a)(1)(A), makes it a Federal crime or offense for anyone to knowingly engage in certain kinds of financial transactions commonly known as money laundering. The defendant Clarence Lark is charged with this crime in Counts 6-13.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant knowingly
            conducted, or attempted to conduct,
            a "financial transaction" as
            hereafter defined;

Second:     That the Defendant knew that the
            funds or property involved in the
            financial transaction represented
            the proceeds of some form of
            unlawful activity;

Third:      That the funds or property involved
            in the financial transaction did in
            fact represent the proceeds of
            "specified unlawful activity" - -
            in this case the proceeds of drug
            trafficking; and

Fourth:     That the Defendant engaged in the
            financial transaction with the
            intent to promote the carrying on
            of such specified unlawful activity
            or with the intent to hide or
            disguise the nature and origin of
            the illegal funds.

You must unanimously agree on whether the Defendant Lark acted with the intent to promote the unlawful activity or whether he acted with the intent to hide the alleged unlawful funds or both.

The term "conducts" means initiating, concluding, or

participating in initiating or concluding a transaction.

The term "transaction" means a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition of funds or property; and, with respect to a financial institution, includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, or use of a safe deposit box.

The term "financial transaction" means a transaction involving the use of a "financial institution" which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.  The term "financial institution: includes banks and credit unions.

The term "interstate or foreign commerce" includes any commercial activity that involves transportation or communication between places in two or more states or between some place in the United States and some place outside the United States.

The term "knowing that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity" means that the Defendant knew that such funds or property represented proceeds from some form, though not necessarily which form, of a felony offense under state or

42

Federal law. The term "specified unlawful activity" means drug trafficking.

### Engaging in Monetary Transactions
### in Property Derived from Specified
### Unlawful Activity

Title 18, United States Code, Section 1957 makes it a crime to engage in a monetary transaction in property derived from criminal Acts. The defendant Larry Crenshaw is charged with this crime in Counts 14-16 of the Indictment.

The defendant can be found guilty of that offense only if all the following facts are proved beyond a reasonable doubt.

First, that the defendant knowingly conducted the monetary transaction set forth in the indictment;

Second, that the monetary transaction was of a value greater than $10,000 and was derived from narcotics trafficking;

Third, that the defendant knew that the monetary transaction involved the proceeds of a criminal offense; and

Fourth; the monetary transaction in someway or degree affected interstate commerce, such as being made at a financial institution which was itself engaged in interstate commerce.

### Defendant Lark's Theory of Defense Instruction

It is the defendant Clarence Lark's theory of the case that the Willie Jackson drug operation did not need Lark or the Teamsters, but only needed Mr. Welch who was working at Port Everglades since 1988, and that there was no reason for Jackson to wait five to six years to make a payment.

It is defendant Lark's theory that the evidence reflected that the purchases of the equipment for Star's Choice was from money saved by Lark and his family and not the result of any monies provided by Mr. Jackson.

It is also defendant's theory with regard to the alleged RICO extortion that there was no basis for any legitimate fear among the members of local 390; that there was no action taken by nor intent by Lark to take advantage of any fear; that gifts to Lark were made voluntarily in appreciation for his role as a Union leader who fought on behalf of his members.

### Defendant Crenshaw's Theory of Defense Instruction

It is the theory of the defense of the defendant Larry Crenshaw that he received his work in the movie industry as a transportation captain as a result of his excellent reputation and job performance record.

**Defendant Newton's Theory of Defense Instruction**

It is defendant Curtis Newton's theory of the case that any telephone calls involving his phone number were simply innocent calls which were not related to narcotics, as alleged by Willie Jackson.

**Defendant Seymore's Theory of Defense Instruction**

It is defendant Lawrence Seymore's theory of the case that any actions taken by Seymore were without knowledge of any drug conspiracy, and of no use to further said conspiracy.

It is further defendant Lawrence Seymore's theory that he did not know the one container he ran on the computer on October 26, 1996 contained drugs, and the print-out he provided merely showed the subject container to be off-shore at Jacksonville, and did not show any Customs seizure.

## Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.